**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.

Marcie Faye Haslett,

        Plaintiff,

vs.

Keirton, Inc. and Keirton USA, Inc.,

        Defendants.

---

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

---

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF COLORADO, AND TO PLAINTIFF MARCIE FAYE HASLETT AND HER RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Keirton, Inc. and Keirton USA, Inc. hereby remove this action from the Colorado State District Court, for the City and County of Denver, Case No. 2021-CV-30369, to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§1332 and 1441, et seq.  Removal is proper for the following reasons:

1.      On January 25, 2020, Plaintiff Marcie Faye Haslett ("Plaintiff") filed a civil action entitled Marcie Faye Haslett v. Keirton, Inc. and Keirton USA, Inc., Case No. 2021-CV-30269 in the District Court, City and County of Denver, State of Colorado ("State Court Action").  See *Complaint and Jury Demand* at **Ex. A**.  Both Defendants were served with the State Court Action

Summons and the Complaint on March 30, 21.  See *Acceptance and Waiver of Further Service* at **Ex. C**.

2.      Attached please find the following items (provided here pursuant to 28 U.S.C. § 1446(a)):

**Ex. A** – Complaint and Jury Demand

**Ex. B** – District Court Civil Case Cover Sheet

**Ex. C** – Acceptance and Waiver of Further Service

**Ex. D –** Pretrial Order

The above items are true and correct copies and represent all process, pleadings, and orders served upon Defendants in the State Court Action.  Defendants electronically filed an Answer to Plaintiff's Complaint and Jury Demand and a Designation of Non-Parties At Fault in the State Court Action on April 21, 2021.  These have not been processed as of the time of this filing.

3.      A Notice to Adverse Party of Removal to Federal Court is being filed concurrently in the State Court Action and served concurrently on Plaintiff.

## REMOVAL JURISDICTION

4.      This is a civil action between citizens of different states.  The matter in controversy exceeds Seventy-Five-Thousand-Dollars ($75,000.00), exclusive of interest and costs.  As such, this Court has original jurisdiction under 28 U.S.C. §1332 and the State Court Action is an action that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b).

## CITIZENSHIP

5.      Keirton, Inc. is now, and was at the time the State Court Action was filed, a British Columbia, Canada corporation with its principal place of business in British Columbia, Canada.

6. Keirton USA Inc. is now, and was at the time the State Court Action was filed, a Washington profit corporation with its principal place of business located in Ferndale, Washington.

7. According to Paragraph 2 of the Complaint, Plaintiff resides in Pueblo, Colorado. **Ex. A** at ¶ 2.

8. Plaintiff has not sued any other defendants, named or fictitiously named.

## AMOUNT IN CONTROVERSY

9. This action is being removed to Federal Court because it is a civil action between citizens of different states and, pursuant to Plaintiff's District Court Civil Case Cover Sheet, the matter in controversy exceeds the sum of $75,000. See **Ex. B** at Sec. 2; see also *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) ("There is no ambiguity in the [Civil Case] cover sheet.").

10. Plaintiff alleges she had been damaged and, while Plaintiff fails to specifically identify the amount of damages within the allegations of her Complaint, she has indicated in her District Court Civil Case Cover Sheet that this case is not governed by C.R.C.P. 16.1 because a monetary judgment for more than $100,000 is sought. **Ex. B** at Sec. 2.).

11. Since it is facially apparent from Plaintiff's Complaint and the District Court Civil Case Cover Sheet (**Ex. B**) that she is seeking damages in an amount in excess of $75,000 under a strict product liability, it is clear by a preponderance of the evidence that the amount in controversy in this action exceeds the $75,000 threshold.

## TIMELINESS OF REMOVAL

12. A notice of removal must be filed within 30 days after receipt by the defendant of the initial pleading setting forth the claim for relief upon which the action is based. (28 U.S.C. §1446(b).) The thirty (30) day period for removal does not begin to run until the defendant has received a copy of the complaint and has been properly served. (*Murphy Brothers, Inc. and Michetti Pipe Stringing, Inc*. (1999) 526 U.S. 344, 347-348.)

13. Defendants were both served the Summons and Complaint on March 30, 2021 (**Ex. C**) and, therefore, the thirty (30) day period for removal expires on April 29, 2021.

14. This Notice of Removal is timely filed under 28 U.S.C. §1446(b) because it is filed within one year of commencement of the action and within thirty days of the date Defendants were served with the Summons and Complaint.

15. Defendants are filing this notice jointly and, therefore, each consent to removal.

WHEREFORE, Aramark prays this action be removed to the United States District Court in Colorado, from the District Court, City and County of Denver, State of Colorado.

Respectfully submitted this 22nd day of April, 2021.

Wood, Smith, Henning & Berman LLP

By: *s/Ryan M. Hicks*
Ryan M. Hicks, Reg. No. 48477
WOOD, SMITH, HENNING & BERMAN LLP
1805 Shea Center Drive, Suite 200
Highlands Ranch, Colorado 80129
720-479-2500
303-471-1855 fax
rhicks@wshblaw.com

*Attorneys for Keirton, Inc. and Keirton USA, Inc*.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2021, a true and correct copy of the **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** was e-filed and/or e-served via CM/ECF on the following parties:

Michael J. Thomson, #33592
Purvis Gray Thomson, LLP
4410 Arapahoe Avenue, Suite 200
Boulder CO 80303
303-442-3366
mthomson@purvisgray.net

*Counsel for Marcie Faye Haslett*

/s/*Joyce K. Harris*
Joyce K. Harris