IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01112-MEH

MARCIE FAYE HASLETT,

    Plaintiff,

v.

KEIRTON, INC., and
KEIRTON USA, INC.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**

    Defendant has filed a Motion for Reconsideration. ECF 72. It is fully briefed, and the Court finds that oral argument will not materially assist in its adjudication. For the following reasons, the Motion is granted.

## BACKGROUND

    After injuring her hand while using Defendants' leaf trimmer machine, Plaintiff commenced this civil action on the basis of two theories of strict products liability. She claimed that the machine was unreasonably dangerous because of both inadequate warnings and the failure to incorporate a safety guard into its design.

    On August 5, 2022, Defendants moved for summary judgment, and on September 13, 2022, that motion became ripe for review. The jury trial was set to begin on October 31, 2022. The Court ruled on the summary judgment motion on September 19, 2022, granting relief in Defendants' favor on both claims. *Haslett v. Keirton, Inc.*, No. 21-cv-01112-MEH, 2022 WL 4356898 (D. Colo.

Sept. 19, 2022). The Court found that "[o]n the existing record, a reasonable jury could not hold Keirton liable under Plaintiff's failure-to-warn theory." *Id*. at *8. Instead, the warnings were clear and directly on point. Had Plaintiff followed them, she would not have been injured. The law generally regards non-compliance with warnings or use instructions as a form of unforeseeable misuse, the Court noted. Moreover, Plaintiff's act of misuse (by not following the instructions on how to clean the machine) prevented her from establishing a causal relationship between the alleged product defect and her injury. Following that line of reasoning, the Court granted summary judgment on Plaintiff's design defect claim as well. *Id*. at *8-9.

Plaintiff asks this Court to reconsider its grant of summary judgment on her design defect claim. She argues that the Court applied the misuse defense too broadly as a complete bar on her ability to pursue that theory. She moves for relief under Fed. R. Civ. P. 59(e).

## **LEGAL STANDARD**

Fed. R. Civ. P. 59(e) permits this Court to alter or amend its judgment if "need[ed] to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. U.S.*, 894 F.3d 1187, 1203 (10th Cir. 2018). Such relief "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. However, it is a form of relief that is generally disfavored. *Stanek Holdco, Inc. v. Water Resources Group*, No. 19-cv-03194-WJM-SKC, 2021 WL 1978782, at *1 (D. Colo. May 18, 2021). A motion for reconsideration should not be used as a vehicle to revisit issues already addressed or to advance arguments that could have been raised in the prior briefing. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It is not meant to provide the losing party with the proverbial second bite at the apple. *Curtis Park Group, LLC v. Allied World Specialty Ins. Co*., No. 20-cv-00552-CMA-NRN, 2022 WL 444375, at *1 (D. Colo. Feb. 14, 2022).

## DISCUSSION

The issue is not clear error in the Court's discussion of her design defect claim. The general points are correct. A manufacturer may assume that a user will adhere to warnings and follow instructions, and the law generally regards a user's failure to do so as unforeseeable. Such non-compliance is a form of misuse, and misuse is a defense to the causation element of strict products liability. Misuse can even serve as a complete defense. Moreover, the Court's discussion of those principles flowed from the parties' briefing of the matter, in particular Defendants' Reply. For that reason, Defendants oppose reconsideration on the basis of Rule 59(e)'s deferential standard of review and disfavor of repeat argument.

Plaintiff contends that Defendants' use of their Reply to emphasize the misuse defense left the briefing incomplete. In practical effect, the instant Motion for Reconsideration serves as Plaintiff's Sur-Reply in which she addresses the misuse issue. She adds nuance to the consideration of that factor. While relevant, the issue of whether she did not comply with warnings and instructions does not necessarily preclude her design defect claim outright. It potentially could act as a complete bar, but only if it—and not the defective design (assuming that she can establish a genuine issue of fact that the machine suffered from a design defect)—was the sole cause of her injury. In that event, as long as a jury could find the design defect to be even just one percent responsible for the injury, Plaintiff may proceed with her design defect claim.

## CONCLUSION

Obviously, parties should brief all material arguments in an orderly fashion that permits complete and thorough consideration. Plaintiff endeavors to complete that briefing process now, and in doing so, she shows a potential way in which her design defect could survive summary judgment. In that respect, she meets the Rule 59(e) standard for reconsideration.

Accordingly, the Court **grants** Plaintiff's Motion [filed October 5, 2022; ECF 72]. The Court will reconsider her design defect claim and issue an Amended Order on Defendants' Motion for Summary Judgment.

Entered this 28th day of October, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge